901 F.2d 894
 Freddie MILLER, as Guardian of the Person and Estate of
Christopher Linn Johnson, an Incompetent Person
and Freddie Miller, Individually,
Plaintiffs-Appellees,
v.
UNITED STATES of America, ex rel. DEPARTMENT OF the ARMY,
Defendant-Appellant,
Baylor Institute For Rehabilitation, and Baylor University
Medical Center, Intervenors-Appellees.
 No. 88-2880.
 United States Court of Appeals,
Tenth Circuit.
 April 26, 1990.
 
 1
 Ralph F. Keen, Asst. U.S. Atty. (Roger Hilfiger, U.S. Atty., with him on the brief), Muskogee, Okl., for defendant-appellant, U.S. of America, ex rel. Dept. of the Army.
 
 
 2
 Vester Songer, Hugo, Okl. (Hack Welch, Hugo, Okl., with him on the brief) for plaintiffs-appellees, Freddie Miller, as Guardian of the Person and Estate of Christopher Linn Johnson, an incompetent person and FREDDIE MILLER, individually.
 
 
 3
 Before LOGAN, BALDOCK, Circuit Judges, and SAFFELS,* District Judge.
 
 
 4
 SAFFELS, District Judge.
 
 
 5
 This is an appeal from a judgment in a Federal Torts Claim Act case, in which the United States was found liable for injuries suffered by plaintiff's minor son in the amount of $7,065,873.71.
 
 
 6
 This case involves the tragic story of Christopher Linn Johnson. Plaintiff Freddie Miller, the mother and guardian of Christopher, brought this action to recover damages for personal injuries sustained by Christopher as result of an automobile accident. On November 17, 1986, at approximately 11:35 p.m., Christopher was driving west at about 45 miles per hour on U.S. Highway 70 in Choctaw County, Oklahoma, about one-half mile west of Hugo, Oklahoma. There was heavy fog in the area that evening and visibility was approximately 200 feet. Sergeant Richard Ricks, Jr., acting within the scope of his employment for the Department of the Army, an agency of the United States, was driving a two and one-half ton army truck which was towing a 24 foot equipment trailer. Sergeant Ricks, who had been traveling east on U.S. Highway 70, pulled the truck off on the south side of the highway and attempted to turn around to get into the westbound lane of U.S. Highway 70. As Christopher was approaching, the army truck pulled out into the westbound lane. Christopher hit the trailer before he could stop his car. The district court found that Sergeant Ricks saw, or should have seen, the headlights of Christopher's vehicle before crossing U.S. Highway 70 and could have easily stopped or yielded to Christopher's vehicle. Finding of Fact No. 8.
 
 
 7
 As a result of the collision, Christopher suffered severe injuries, including brain damage, multiple fractures, nerve damage, and lacerations. These injuries resulted in his total and permanent disability requiring continuous personal care. Before the accident, Christopher was a healthy, active, athletic seventeen-year-old high school student.
 
 
 8
 The United States District Court found the driver of the United States vehicle 90 percent negligent and that such negligence was the direct cause of the collision. The trial court assessed 10 percent of the negligence to plaintiff's minor because he should have been traveling at a reduced speed, given the fogging conditions. Finally, the district court found the total amount of damage sustained by plaintiff's minor to be $7,850,970.79. The district court reduced this amount to account for the 10 percent negligence on the part of plaintiff's minor son, resulting in a judgment for plaintiff in the amount of $7,065,873.71.
 
 
 9
 On appeal, the United States makes two general arguments. First, the United States challenges the trial court's assessment of the parties' relative fault. Secondly, the United States challenges the trial court's award of damages.
 
 
 10
 Defendant's arguments challenge findings of fact made by the trial court. This court will not set aside findings of fact unless the findings are clearly erroneous. See Velez v. Metropolitan Life Ins. Co., 723 F.2d 7, 10 (10th Cir.1983) (quoting Rule 52(a) of the Federal Rules of Civil Procedure); see also Inryco, Inc. v. CGR Bldg. Sys., Inc., 780 F.2d 879, 882 (10th Cir.1986) (determinations of fact by the district court are binding on this court if the findings of fact are not clearly erroneous). If there is substantial evidence to support the trial court's findings, the judgment should be affirmed on appeal. United States ex rel. Clark Engineering Co. v. Freeto Constr. Co., 547 F.2d 537, 540 (10th Cir.1977).
 
 
 11
 After reviewing the record on appeal, we are convinced that the trial court's apportionment of fault is supported by substantial evidence. The evidence supports the trial court's finding that the driver of the United States' truck should have seen the headlights of plaintiff's minor son's vehicle before crossing the highway and could have yielded. Thus, the trial court's apportionment of 90 percent of the fault to the United States is supported by the evidence. We cannot say that the trial court's assessment of 10 percent fault on the part of plaintiff's minor son for traveling at a speed slightly faster than he should have been given the foggy road conditions is clearly erroneous. Therefore, this court affirms the trial court's apportionment of fault.
 
 
 12
 The second matter on appeal is the government's challenge to the trial court's award of damages. The district court's judgment on the amount of damages will not be overturned unless it is clearly erroneous. Fed.R.Civ.P. 52(a); Whiteis v. Yamaha Int'l. Corp., 531 F.2d 968, 972 (10th Cir.), cert. denied 429 U.S. 858, 97 S.Ct. 157, 50 L.Ed.2d 135 (1976); see also Low v. United States, 795 F.2d 466, 471 (5th Cir.1986). Nevertheless, damages recovered under the Federal Torts Claim Act must not be punitive in nature. 28 U.S.C. Sec. 2674.
 
 
 13
 The parties stipulated that plaintiff's minor son's medical expenses up to the date of trial are $415,582.53. The trial court, relying on the testimony of plaintiff's economist, awarded $5,127,276.17 for future medical costs and life care, based on a reduced life expectancy of seven years to the age of 65. The district court awarded $808,112.09 for loss of future income. The trial court further awarded $1,500,000 for past and future physical and mental pain and suffering.
 
 
 14
 Defendant United States first contends that the amount for lost future income amounts to a double compensation. The United States argues that the award for future medical care and life care includes all expenses that would have been purchased with future earnings and that the additional award for lost future earnings constitutes a double recovery. After reviewing the parties' briefs and the record on appeal, this court finds that the award for future medical and life care expenses does not foreclose an additional award for lost future earnings. The items included in the award for future medical and life care are those expenses directly related to the injuries of plaintiff's minor, such as anticipated future hospital stays and the care of an around-the-clock attendant. This award did not include normal living expenses such as food, clothing, utilities, and entertainment. Therefore, the recovery of future life care is not generally duplicative of the recovery for lost future earnings.
 
 
 15
 This court, however, finds that one item of expense calculated in the award for future medical and life care costs is an item also covered in the recovery for lost future earnings. The award for future medical and life care included a one time costs award for the construction of a barrier-free home ($116,363.54). See Plaintiff's Exhibit 54, at 9. Because housing costs would normally be incurred even if plaintiff had not been injured, this court feels that the trial court, in effect, allowed plaintiff to recover twice for housing costs. Plaintiff should not be entitled to recover housing costs as future life care expense and also recover lost future earnings without factoring in the duplicative effect of this award. We, therefore, order that the award for lost future income be reduced by $116,363.54, the amount of the housing costs recovered in the award of future medical and life care. See Simpson v. United States, 322 F.2d 688, 693-94 (10th Cir.1963) (When the elements of a damage award are established and computation can be made with some degree of certainty as easily by the appellate court as by the trial judge, the modified calculation of the award can be done by the appellate court). Regarding the United States' other contentions of duplicative awards, this court finds that appellant has failed to show any clear error by the trial court in calculating damages. Therefore, this court will reduce the award for lost future income only by the amount which has been clearly shown to have been erroneously duplicated, i.e. the one time award for housing costs included in the award for future life care.
 
 
 16
 Next, defendant United States argues that the trial court failed to deduct income taxes from the award of lost future income. The United States, however, never presented information to the trial court regarding the impact of income taxes on future income. The burden is on the defendant to prove the amount to be reduced from future earnings to reflect the effect of income taxes. Barnes v. United States, 685 F.2d 66, 69 (3d Cir.1982); Overton v. United States, 619 F.2d 1299, 1309 n. 16 (8th Cir.1980). Although the probable impact of future income taxes may be considered in calculating lost future earnings, see Deweese v. United States, 576 F.2d 802, 808 (10th Cir.1978), the United States failed to meet its burden in this case. The United States did not provide sufficient evidence to the trial court which could have been used in making a logical determination on this issue. Having failed to properly raise this matter below, we will not consider this challenge to the award for lost earnings.
 
 
 17
 Also, defendant United States contends that the trial court failed to use the work-life expectancy table developed by the United States Department of Labor in calculating the award of damages for lost earnings. The trial court adopted the lost future earnings calculations of plaintiff's economist, Dr. Rawleigh Ralls, as set out in schedule one of plaintiff's exhibit 54. The economist calculated lost earnings up to age 65. The testimony of treating physicians indicated that it was possible that Christopher's life expectancy would not be substantially reduced because of his injuries. This evidence supports the trial court's determination that Christopher's life expectancy would be reduced by only seven years to age 65. Therefore, we find no error in the trial court's award of lost future income based on a life expectancy to age 65.
 
 
 18
 Finally, defendant United States contends that the $1,500,000 award for pain and suffering and the $5,127,276 award for future medical and life care expenses are generally excessive. The standard for determining whether an award of damages is excessive is whether the award shocks the judicial conscience. Whiteley v. OKC Corp., 719 F.2d 1051, 1058 (10th Cir.1983). Given the extent and severity of the injuries sustained by plaintiff's minor son, we do not feel that these awards are excessive.
 
 
 19
 The findings and judgment of the district court are AFFIRMED in all respects, except that the award for lost future income is reduced by $116,363.54, for the reasons set out above.
 
 
 
 *
 The Honorable Dale E. Saffels, U.S. District Judge for the District of Kansas, sitting by designation