**F I L E D**

**PUBLISH**

**April 24, 2006**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEROME DOLENZ and LUPE DOLENZ,

    Plaintiffs-Appellees,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellant,

and

FARMER'S SUPPLY AND
TRANSPORTATION COMPANY, INC.,

    Defendant.

No. 03-6350

---

**Appeal From The United States District Court**
**For The Western District of Oklahoma**
**(D.C. No. CIV-02-228-A)**

---

William G. Cole, Appellate Staff, Civil Division, United States Department of Justice (Peter D. Keisler, Assistant Attorney General, Robert G. McCampbell, United States Attorney, and Robert S. Greenspan, Appellate Staff, Civil Division, United States Department of Justice, with him on the briefs), Washington, D.C., for Defendant-Appellant, United States of America.

Shawnae E. Proctor, Oklahoma City, Oklahoma (Max C. Tuepker, Oklahoma City, Oklahoma, and John P. Zelbst, Lawton, Oklahoma, with her on the briefs), for Plaintiffs-Appellees.

---

Before **BRISCOE, BALDOCK**, and **TYMKOVICH,** Circuit Judges.

**BRISCOE**, Circuit Judge.

Plaintiffs Jerome and Lupe Dolenz brought this action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, for injuries sustained by Mr. Dolenz in an automobile accident with a government vehicle driven by a Department of Agriculture employee. Following a bench trial, the district court found in favor of plaintiffs on the question of liability and entered judgment in their favor. The district court awarded Mr. Dolenz $1,033,992 for economic damages, $4,925 for property damage, and $4,000,000 for "non-economic damages, to include past and present pain and suffering, loss of enjoyment of life and disfigurement . . . ." Id. at 107. The district court awarded $2,000,000 to Mrs. Dolenz for "loss of consortium, past and future."

On appeal, the government challenges as excessive the $4,000,000 award to Mr. Dolenz for pain and suffering and the $2,000,000 award to Mrs. Dolenz for loss of consortium. The United States suggests that this court "should allow non-economic damages of $500,000 to Mr. Dolenz, and $250,000 to his wife." The government does not challenge the district court's decision as to liability, nor does it challenge the awards for economic and property damages. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

*Standard of review*

"Trial courts are vested with broad discretion in awarding damages, and appellate courts do not lightly engage in a review of a trial court's actions." Hoskie v. United States, 666 F.2d 1353, 1354 (10th Cir. 1981). When this case was tried in October 2003, Mr. Dolenz was 47 and Mrs. Dolenz was 44. Aplee. Supp. App. at 103, 98. They had been married 23 years and had two sons. Id. at 95, 93. In this case, the district court found that, as a result of the June 6, 2000 collision, Mr. Dolenz sustained the following injuries: "closed head injury, . . . injury to the frontal lobe, a right ankle comminuted fracture, a left wrist fracture, nerve and tendon pinching and dislocation, compression fracture of the L-1 vertebrae, and other less significant physical injuries . . ., plus psychiatric conditions of post-traumatic stress disorder, depression, paranoia, anxiety, panic attacks, volatility as to temper, loss of short-term memory, mild to moderate cognitive impairment." Aplt. App. at 108. The district court found, "Mr. Dolenz is permanently and totally disabled from performing any employment for which he is qualified." Id. at 109. Mrs. Dolenz, according to the district court, has been "relegated to the role of a full-time caretaker of a difficult person." Id.[1] The government does not challenge the district court's factual findings and, therefore, the only question is whether the challenged awards shock the judicial conscience. See Miller v. United States ex rel.

---

[1]The United States concedes that Mr. Dolenz has "suffered and continues to suffer" and that "[t]he quality of ]Mrs. Dolenz's] life has diminished because of his difficulties." Aplt. Reply Br. at 1.

<u>Dep't of Army</u>, 901 F.2d 894, 897 (10th Cir. 1990) (holding an award is excessive if it "shocks the judicial conscience").

The government argues we should compare the non-economic damages awards "with awards for similar injuries given in prior cases by this Court, by other federal courts of appeals, or by the Oklahoma Supreme Court." Aplt. Br. at 13. However, the government concedes that "[c]omparisons may be helpful; ratios can be examined; but, in the end, the issue is simply whether an award shocks this Court's conscience." Aplt. Reply Br. at 12.

The government cites <u>Hoskie</u>, an FTCA case, in support of its position that we should compare the challenged awards to awards for similar injuries in other cases. In <u>Hoskie</u>, plaintiff's minor child sustained serious brain damage after government medical employees dispensed an overdose of morphine. On appeal, plaintiff argued the district court's award of $25,000 for pain and suffering was inadequate and clearly erroneous. This court agreed, concluding that under the applicable state law (New Mexico), the court should have considered the child's future loss of enjoyment of life. We vacated the $25,000 award and remanded for recomputation of an award for pain and suffering. Notably, we criticized the notion of comparing damages in separate cases, stating: "[I]t is a difficult and often fruitless task to compare damages in one case with those in another, and we do not generally countenance such comparisons." 666 F.2d at 1358 n.4. Nevertheless, in a footnote, we engaged in the very comparative exercise that was

criticized, stating our conclusion was "reinforced" by the fact that much greater awards

had been made by other courts in cases involving permanent brain damage. Id.

Plaintiffs suggest a two-part standard of review, which they purportedly draw from

Aspen Highlands Skiing Corp. v. Aspen Skiing Corp., 738 F.2d 1509, 1526 (10th Cir.

1984). "[A]bsent an award so excessive as to shock the judicial conscience and to raise

an irresistible inference that passion, prejudice, corruption or other improper cause

invaded the trial, the jury's determination of the damages is considered inviolate." Id.

However, in FTCA cases which are not tried to a jury, this court has applied the "shocks

the judicial conscience standard" without referring to any potential inference of passion,

prejudice, corruption, or other improper cause. See, e.g., Deasy v. United States, 99 F.3d

354, 358 (10th Cir. 1996); Miller, 901 F.2d at 897.

In Miller, we rejected the government's claim that an award for pain and suffering

was excessive, stating: "Given the extent and severity of the injuries sustained by

plaintiff's minor son, we do not feel that these awards are excessive." 901 F.2d at 897.

We did not attempt to compare the challenged award to awards for similar injuries in

other cases. In Deasy, we also rejected the government's claim that an award for pain and

suffering was excessive, stating: "Based on the extent of plaintiff's physical and

emotional injuries he sustained as a result of the VA's malpractice, we cannot conclude

that these non-economic damage awards were excessive." 99 F.3d at 360. We again did

not attempt to compare the challenged award to awards for similar injuries in other cases.

The central issue presented in this case is whether the award, in light of the evidence presented at trial, shocks the judicial conscience. We will not engage in a comparison of the challenged awards to awards for similar damages in similar cases.

*Award for pain and suffering*

There is ample evidence in the record of the pain and suffering experienced by Mr. Dolenz as a result of the accident. There is also significant evidence showing the pain and suffering will continue, to some extent, for the rest of his life. His most significant injuries are to his brain and his back. He has a fractured spine, which his treating physician described as a significant, permanent, painful injury to the back. As a result of that injury, he has constant pain, is unable to do many activities he was able to do before the accident, has trouble sleeping, and has no sex drive. The government's expert testified that Mr. Dolenz' type of brain damage will be lifelong and that he has short term memory loss that could be life threatening. He has been diagnosed with post-traumatic stress disorder, major depressive disorder, and chronic anxiety state with panic. One expert stated that "he has really, in essence, a disorder of pain." Suppl. App. at 26-27. Prior to the collision, Mr. Dolenz was positive and outgoing; now he is paranoid, irritable, and antisocial. The government's expert agreed that Mr. Dolenz suffers from depression, anxiety, and cognitive impairment.

Based on the extent of the physical and emotional injuries suffered by Mr. Dolenz as a result of the accident, the $4,000,000 award for pain and suffering is not so excessive

that it "shocks the judicial conscience."

*Loss of consortium*

There was sufficient evidence presented to the district court of the emotional distress suffered by Mrs. Dolenz as a result of her husband's injuries and of the strain placed on their relationship to support the award for loss of consortium. She gave up her once active social life to care for Mr. Dolenz. His sleep problems keep her awake at night. According to her testimony and the testimony of experts, Mrs. Dolenz experiences feelings of stress, unhappiness, helplessness, and emotional exhaustion as a result of her husband's injuries. Based on the evidence, the $2,000,000 award for loss of consortium is not so excessive that it "shocks the judicial conscience."

AFFIRMED.